UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS, | CASE NO. 1:10-cv-01383-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 15) |
| M. CAMPS, et al., | THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Sylester Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action August 3, 2010.  (ECF No. 1.)  Plaintiff has since filed two additional complaints: First Amended Complaint filed March 28, 2011 and Second Amended Complaint filed May 10, 2011.  (ECF Nos. 12 & 15.)  The Second Amended Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III.    SUMMARY OF COMPLAINT

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at Corcoran State Prison.  Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.  He names the following individuals as Defendants: R. Anderson and M. Camps.

Plaintiff alleges that the ventilation system in the secured housing unit is inadequate and unsanitary.  Plaintiff states that the ventilation system is old, outdated, littered with trash, and smells of feces.  He further states that Defendants allowed this to occur and build up over time.  Plaintiff states that the smell contaminates food and clothing, and has infiltrated the living and eating quarters.  This has caused Plaintiff to seek medical attention for an upset stomach, cramps, nausea, and abdominal pain.

Plaintiff states that in 2009 and 2010 he complained about the ventilation conditions to Defendants Camp and Anderson.  Both Defendants declined to take any action.

Plaintiff seeks compensatory and punitive damages, and injunctive relief.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given <u>one</u> additional opportunity to file a Third Amended Complaint curing the deficiencies described by the Court in this Order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that he was subjected to cruel and unusual punishment by Defendants Camp and Anderson.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities ." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337,

346 (1981)). In determining whether a deprivation is sufficiently serious, a court must consider "the circumstances, nature, and duration" of the deprivation. <u>Johnson</u>, 217 F.3d at 731. "The more basic the particular need, the shorter the time it can be withheld." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." <u>Wilson</u>, 501 U.S. at 303; <u>Johnson</u>, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837.

Plaintiff's Complaint fails to state a claim upon which relief may be granted under the Eighth Amendment. Plaintiff complains about the ventilation system, and the quality of air coming through it. A brief review of the attachments to Plaintiff's Complaint reveals that the prison is located near a dairy, which would account for the odor alleged by Plaintiff. This condition alleged by Plaintiff is not serious enough to warrant protection under the Eighth Amendment. Moreover, Plaintiff has not alleged that he suffered a serious injury or illness as a result of the condition. Plaintiff states that he had to seek medical attention for upset stomach, cramps, nausea, and abdominal pain. As presently pleaded, these are not sufficiently serious injuries or illnesses.

It appears that Plaintiff may be attempting to claim that the ventilation system is unsanitary. However, he does not state how he knows this. He does not state that he has personally seen the trash, where he saw it, how he saw it, etc. If Plaintiff would like to make a claim about sanitation, he must describe it in greater detail.

Finally, Plaintiff has also failed to meet the second prong, knowledge and deliberate indifference by Defendants. Plaintiff states that he told both Defendants of his complaint, and that they declined to take any action and that they were aware of the risk posed to

Plaintiff's health.  Plaintiff has not demonstrated how the odor coming from the ventilation system is a threat to his health.  Nor does he allege that he informed Defendants of such risk.  Plaintiff has failed to sufficiently allege facts to meet the second prong.

Thus, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.  Plaintiff will be given <u>one</u> additional opportunity to amend and attempt to correct the deficiencies noted herein.

## V.     **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating to the ventilation issue.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:10-cv-1383-AWI-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  May 23, 2011

UNITED STATES MAGISTRATE JUDGE