# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br>             Plaintiff,<br>   v.<br>M. CAMPS, et al.,<br>             Defendants.<br>_____ / | CASE NO.   1:10-cv-01383-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COMPLAINT AND PROCEED WITH FIRST FILED COMPLAINT<br><br>(ECF No. 17)<br><br>THIRD AMENDED COMPLAINT DUE BY JULY 18, 2011 |

Plaintiff Sylester Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 13, 2011, Plaintiff filed a motion requesting that the amended complaint be dismissed and that the Court instead make the complaint filed July 13, 2010 the operative complaint.[1]

Plaintiff filed this action on August 3, 2010. (ECF No. 1.) Before the Court could screen the original complaint, Plaintiff filed a motion to dismiss the complaint and requested leave to amend. (ECF No. 10.) The Court denied this motion as unnecessary. (ECF No. 11.) Plaintiff filed a first amended complaint on March 28, 2011. (ECF No. 12.) Then, on April 20, 2011, he filed a motion to amend, which the Court granted. (ECF Nos. 13 & 14.) Plaintiff filed his second amended complaint on May 10, 2011, which the Court dismissed for failure to state a claim on May 23, 2011. (ECF Nos. 15 & 16.) Plaintiff was given leave to file a third amended complaint. Instead of filing another amended complaint

---

[1] The Court notes that there is no pleading that was filed on July 13, 2010. The original complaint was filed August 3, 2010 and signed by Plaintiff on July 31, 2010. (ECF No. 1.) The Court assumes that Plaintiff is referring to this filing when he says the July 13 complaint.

1  using the guidance given by the Court in its Screening Order, Plaintiff filed a motion to
2  dismiss amended complaint and requested that the Court go back and screen his original
3  complaint.
4        Plaintiff's request that the Court revisit previously filed complaints that he himself
5  moved to dismiss is improper. As a general rule, an amended complaint supersedes the
6  original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended
7  complaint is filed, the previously filed complaint no longer serves any function in the case.
8  Therefore, Plaintiff's request is DENIED.
9        Because the Court dismissed the second amended complaint in its Screening Order
10 (ECF No. 16), there is no operative pleading in this case. The Court will allow Plaintiff one
11 additional opportunity to file a third amended complaint. Plaintiff shall file an amended
12 complaint by **July 18, 2011** or his case will be dismissed.
13 IT IS SO ORDERED.

Dated:   June 16, 2011

UNITED STATES MAGISTRATE JUDGE