# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. CAMPS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-01383-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND ORDER DENYING MOTION FOR EXTENSION OF TIME<br><br>(ECF Nos. 23 & 26) |

**ORDER**

### I. PROCEDURAL HISTORY

Sylester Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 3, 2010 and it is proceeding on Plaintiff's Third Amended Complaint, filed August 4, 2011. (ECF Nos. 1 & 24.) Pursuant to 28 U.S.C. § 1915A, the Court screened Plaintiff's Third Amended Complaint on August 12, 2011, and found that it only stated cognizable claims against Defendants Camps and Anderson for violations under the Eighth Amendment. (ECF No. 25.) Plaintiff was ordered to complete and return the service

documents, which he did on August 25, 2011.  (ECF No. 27.)

## II. MOTION TO COMPEL

On August 4, 2011, Plaintiff filed a Motion to Compel Discovery which is now pending before the Court.  (ECF No. 23.)  In it, Plaintiff states that Defendant Camps is a "free staff" at Corcoran State Prison.  (Id.)  Plaintiff requests that the Court order that Defendant Camps's business address be provided for service.  (Id.)

Discovery has not been opened as this action is only just proceeding to the service phase.  Plaintiff appears to believe that service will not occur on Defendant Camps if service is attempted at Corcoran State Prison.  However, service must be attempted at CSP before discovery will be opened.

The United States Marshal has been directed to initiate service at Corcoran State Prison and then through Legal Affairs, if necessary. (ECF No. 28.)  Only if those avenues are unsuccessful will the Court open early discovery.  Thus, Plaintiff's request to compel discovery is premature and, perhaps, unnecessary, at this point.

## III. MOTION FOR EXTENSION

On August 23, 2011, Plaintiff filed a motion requesting that he be allowed a thirty day extension of time to figure out Defendant Camps's address for service.  As stated above, the USM will attempt service at CSP first.  If that fails, then other avenues for service will be considered.   Thus, Plaintiff's request for a thirty day extension for service is also premature and, perhaps, unnecessary at this stage.

//

///

IV. **CONCLUSION AND ORDER**

Accordingly, the Court HEREBY ORDERS that:

1. Plaintiff's Motion to Compel is DENIED; and

2. Plaintiff's Motion for an Extension of Time is DENIED.

IT IS SO ORDERED.

Dated:   August 31, 2011

UNITED STATES MAGISTRATE JUDGE