UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS, | CASE NO. 1:10-cv-01383-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| M. CAMPS, et al., | |
| Defendants. | Doc. 35 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS REPLY DUE FIFTEEN DAYS THEREAFTER |

**Findings and Recommendations**

**I. Procedural History**

On August 3, 2010, Plaintiff Sylester Williams ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 4, 2011, Plaintiff filed a third amended complaint, alleging Eighth Amendment cruel and unusual punishment for inadequate air, heat, sanitation, and ventilation against Defendants M. Camps and Sgt. R. Anderson ("Defendants"), who were employees of Corcoran State Prison ("Corcoran"). 3d Am. Compl. at 2, Doc. 24.[1]

On August 29, 2011, the Court issued a second informational order, advising Plaintiff that

---

[1] For ease of reference, all citations to page numbers of docketed items are to the page assigned by the court's case management and electronic case filing (CM/ECF) system.

Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 28. On November 4, 2011, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 35. On November 15, 2011, Plaintiff filed a motion for extension of time to respond to the motion to dismiss and requested copies of his inmate appeals. Doc. 36. On November 22, 2011, Defendants submitted a response to Plaintiff's motion for an extension of time and included copies of his inmate appeals. Doc. 37. On November 29, 2011, Plaintiff filed an opposition to Defendants' motion to dismiss. Doc. 38. On December 6, 2011, Defendants filed a reply to Plaintiff's opposition. Doc. 40. On December 28, 2011, Plaintiff filed a supplemental opposition to Defendants' motion to dismiss. Doc. 45. On January 19, 2012, Defendants filed a response to Plaintiff's supplemental opposition. Doc. 50. On February 8, 2012, Plaintiff filed an additional response and exhibits in opposition to Defendants' motion to dismiss. Doc. 58. On February 13, 2012, Plaintiff filed a second additional response and exhibits in opposition to Defendants' motion to dismiss. Doc. 59. On February 27, 2012, Plaintiff filed a motion for subpoena of his Central File ("C-File"). Doc. 60. On March 13, 2012, Plaintiff filed another supplemental opposition to Defendants' motion to dismiss. Doc. 62.[2]

## II. Motion to Dismiss for Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548

---

[2] The filings by Plaintiff following his opposition would normally violate Local Rule 220. However, Plaintiff noted a typographical error in Defendants' motion, which Defendants addressed in their Reply. Pl. Opp'n at 1, Doc. 38; Defs. Reply at 4, Doc. 40. In addition, Plaintiff attached further exhibits in his supplemental filings. Therefore, in the interest of judicial economy, the Court will consider Plaintiff's supplemental filings solely in these findings and recommendations.

U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[3] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

Non-exhaustion under § 1997e(a) is an affirmative defense, which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to

---

[3] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

Plaintiff did not pursue an appeal regarding the allegations in this complaint, i.e, inadequate air, heat, sanitation, and ventilation, through the third level of review, in accordance with requirements for exhaustion. *See* 3d Am. Compl. at 2, Doc. 24; *see also* Def. Mot. Dismiss, Foston Decl. at 3 & Zamora Decl. at 3, Doc. 35.

Plaintiff cites *Brown v. Valloff*, 422 F.3d 926 (9th Cir. 2005) for the premises that a prisoner need not pursue his appeal to the third level once he has received all available remedies at an intermediate level. Pl. Opp'n at 3, Doc. 38; *See* Pl. 2d Addl. Opp'n at 2, Doc. 59. However, it is clear that Plaintiff did not receive all available remedies, as Plaintiff states in his third amended complaint that Defendants ignored all his requests and did not repair the ventilation system. *See* 3d Am. Compl., Doc. 24.

Plaintiff states he was on suicide watch and hospitalized between January 26, 2010 and February 9, 2010, when Plaintiff received a response to his first level appeal on January 29, 2010. Pl. Opp'n at 3, 9-10, Doc. 38; *see also* Pl. Addl. Opp'n at 23, Doc. 58; Def. Resp. Mot. Ext. Time Ex. D at 23-25, Doc. 37. In the response to Plaintiff's appeal dated January 29, 2010, R. Kiler, Chief Engineer, and D. Leon, Associate Warden, partially granted Plaintiff's appeal and instructed him to file an appeal to the second level if he was dissatisfied with the decision. Def. Resp. Mot. Ext. Time Ex. D at 25, Doc. 37. Although Plaintiff states he was on suicide watch when he received this response on January 29, 2010, Plaintiff does not allege that he even attempted to pursue his appeal to the second level upon release from suicide watch on February 9, 2010. Pl. Opp'n at 3, 9-10, Doc. 38; *see also* Pl. Addl. Opp'n at 23, Doc. 58.

In Plaintiff's supplemental opposition, he states that Defendants did not produce an appeal dated April 11, 2007. Suppl. Opp'n at 4, Doc. 45. However, the allegations in this complaint arose in 2009 and 2010. *See* 3d Am. Compl. at 15, 19, 25, Doc. 24.

In Defendants' motion to dismiss, the Appeals Coordinator states that a review of Plaintiff's

record shows that he filed fifty-nine (59) administrative appeals from September 2006 through October 2011, of which twenty-three (23) were accepted for formal processing. Def. Mot. Dismiss, Barnett Decl. at 2-3, Doc. 35. In Plaintiff's supplemental opposition, Plaintiff requests copies of all fifty-nine (59) appeals he has filed since he was incarcerated in 2006. Suppl. Opp'n at 3, Doc. 45. However, appeals from 2006 through 2008 are not relevant to this case. In addition, Defendants note that Plaintiff has access to his C-File, and in their response to his motion for extension of time to respond to the motion to dismiss, they provided Plaintiff with copies of his relevant appeals. Def. Resp. Mot. Ext. Time at 2, Doc. 37.

In Plaintiff's additional response in opposition, he contends that he submitted other inmate appeals and attached copies of inmate appeals in support of his argument. *See* Pl. Addl. Opp'n at 10, 12, 18-21, Doc. 58. However, the inmate appeals Plaintiff attached refer to complaints regarding flies, noise, and insects in the shower. *See id.*[4] None of these appeals involve the allegations in the instant case, that Defendants subjected Plaintiff to inadequate air, heat, sanitation, and ventilation, which caused him to experience weakness, fatigue, nausea, giddiness, sweating, mental confusion, and severe migraine headaches. *See* 3d Am. Compl. at 4, Doc. 24.

For purposes of the PLRA's exhaustion requirement, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin*, 557 F.3d at 1120. Ultimately, a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Id.* at 1121. Plaintiff's appeals regarding his claims of flies, noise, and insects in the shower did not alert the prison officials of the pending claims in this civil action, i.e, inadequate air, heat, sanitation, and ventilation, pursuant to *Griffin* and the PLRA.

Plaintiff states that he filed another grievance on March 17, 2010. Pl. Addl. Opp'n at 11, Doc. 58. *See* Pl. 2d Addl. Opp'n at 4-5, Doc. 59. *See also* 3d Am. Compl. at 19. However, Plaintiff received a response on the same date, March 17, 2010, and Plaintiff did not file an appeal. *See id.*

In Plaintiff's additional response in opposition, he submits a letter dated November 16, 2011, regarding appeals from 2006 and 2007. *See* Pl. Addl. Opp'n at 14, Doc. 58. Again, appeals from

---

[4] Plaintiff made these allegations in the complaints he filed on January 27, 2010, in *Williams v. Phillips*, 1:10-cv-00131-AWI-JLT (E.D. Cal.) and on July 13, 2010, in *Williams v. Anderson*, 1:10-cv-01250-LJO-GBC (E.D. Cal.).

2006 and 2007 have no bearing on the instant case, which concerns allegations from 2009 and 2010. *See* 3d Am. Compl. at 15, 19, 25, Doc. 24.

In Plaintiff's motion for a subpoena in response to Defendants' motion to dismiss for exhaustion, Plaintiff argues that his appeals were overdue from the appeals unit. Pl. Mot. Subpoena at 1, Doc. 60. However, Plaintiff is not excused from exhaustion if he fails to receive a response to his staff complaint. *See Booth*, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") *See Douglas v. Johns*, 2011 WL 2173627, at *2 (E.D. N.C. June 2, 2011) (Regional Director's failure to respond to grievance did not excuse exhaustion; under section 542.18 "plaintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to properly exhaust his remedies"); *Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011), adopted, 2011 WL 3022531 (S.D. Miss. July 22, 2011) (federal inmate who did not receive response to informal resolution request, but who did not appeal to next level of review, did not exhaust); *Crum v. Attorney General*, 2007 WL 781935, at *6 (S.D. W. Va. Mar.13, 2007), aff'd, 282 Fed. App'x 223 (4th Cir. 2008) ("The Regional Office's failure to provide a response to his administrative remedy appeal does not excuse an inmate from proceeding to the next step of the administrative remedy process . . ."); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (exhaustion not excused where director of corrections informed prisoner how to proceed when prisoner did not receive response from warden, but prisoner did not follow that procedure). A plaintiff must file a new administrative challenge to an allegedly improper screen-out of his appeal. *See* Cal. Code Regs. tit. 15, § 3084.1. *See White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (if prisoner does not receive timely response to grievance, and higher-stage appeal is available, then prisoner must file an appeal in order to exhaust claim). Therefore, a late response from the appeals unit did not excuse Plaintiff from exhaustion.

Plaintiff contends that his transfer to the hospital made his ventilation complaint moot for review. Pl. Mot. Subpoena at 1, Doc. 60. Plaintiff does not cite any case law for this proposition, and the Court will not read exceptions into statutory exhaustion requirements where Congress has

provided otherwise. *See Booth*, 532 U.S. at 741 n.6

In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Id.* at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

There is no record before this Court that Plaintiff pursued his staff complaints regarding ventilation allegations in 2009 and 2010 to the third level of review. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants motion to dismiss, filed November 4, 2011, is GRANTED;
2. This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.

Within **thirty (30) days** of service of this recommendation, any party may file **one (1)** set of written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Within **fifteen (15) days** after service of the objections, any party mail file **one (1)** reply to the objections with the Court and serve a copy on all parties. The document should be captioned "Reply to Objections to Magistrate Judge's Findings and Recommendations."

1       The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 10, 2012                                             
UNITED STATES MAGISTRATE JUDGE