1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SYLESTER WILLIAMS, | CASE NO. 1:10-cv-01383-AWI-GBC (PC) |
| Plaintiff, | ORDER PROVIDING PLAINTIFF OPTION TO (1) STAND ON EXISTING OPPOSITION(S) OR (2) FILE ONE AMENDED OPPOSITION PER SEPARATELY-ISSUED AMENDED SECOND INFORMATIONAL ORDER AND NOTICE |
| v. | |
| M. CAMPS, et al., | |
| Defendants. | |
| | Docs. 38, 45, 58, 59, 62 |
| / | TWENTY-ONE DAY DEADLINE |

11
12
13
14
15
16
17
18

## I. Procedural History

On August 3, 2010, Plaintiff Sylester Williams ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 4, 2011, Plaintiff filed a third amended complaint, alleging Eighth Amendment cruel and unusual punishment for inadequate air, heat, sanitation, and ventilation against Defendants M. Camps and Sgt. R. Anderson ("Defendants"). 3d Am. Compl. at 2, Doc. 24.

On August 29, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 28. On November

19
20
21
22
23
24
25
26
27
28

1   4, 2011, Defendants filed a Motion to Dismiss for failure to exhaust administrative remedies. Doc.

2   35. On November 15, 2011, Plaintiff filed a motion for extension of time to respond to the motion

3   to dismiss and requested copies of his inmate appeals. Doc. 36. On November 22, 2011, Defendants

4   submitted a Response to Plaintiff's motion for an extension of time and included copies of his

5   inmate appeals. Doc. 37. On November 29, 2011, Plaintiff filed an Opposition to Defendants'

6   motion to dismiss. Doc. 38. On December 6, 2011, Defendants filed a Reply to Plaintiff's

7   opposition. Doc. 40. On December 28, 2011, Plaintiff filed a Supplemental Opposition to

8   Defendants' motion to dismiss. Doc. 45. On January 19, 2012, Defendants filed a Response to

9   Plaintiff's supplemental opposition. Doc. 50. On February 8, 2012, Plaintiff filed an Additional

10  Response and exhibits in opposition to Defendants' motion to dismiss. Doc. 58. On February 13,

11  2012, Plaintiff filed a Second Additional Response and exhibits in opposition to Defendants' motion

12  to dismiss. Doc. 59. On March 13, 2012, Plaintiff filed another Supplemental Opposition to

13  Defendants' motion to dismiss. Doc. 62.[1] On April 10, 2012, the Court issued Findings and

14  Recommendations, recommending granting the Defendants' motion to dismiss, for failure to exhaust

15  administrative remedies. Doc. 66. Plaintiff did not filed any objections.

16  ## II. *Woods v. Carey* and Contemporaneous Notice

17       On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for

18  opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant

19  files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL

20  2626912, at * 4 (9th Cir. Jul. 6, 2012). On August 29, 2011, this Court issued a second informational

21  order, containing the notice and warning of requirements for opposing a defendant's motion to

22  dismiss to Plaintiff. Doc. 28. On November 4, 2011, Defendants filed a motion to dismiss. Doc. 35.

23  In order to address the time delay between providing notice and the filing of Defendants' motion,

24  the Court will issue this amended second informational order to Plaintiff, in accordance with *Woods*.

25

26          [1] The Court noted in the findings and recommendations that the filings by Plaintiff following his opposition

27  would normally violate Local Rule 220. However, Plaintiff noted a typographical error in Defendants' motion, which
    Defendants addressed in their Reply. Pl. Opp'n at 1, Doc. 38; Defs. Reply at 4, Doc. 40. In addition, Plaintiff attached

28  further exhibits in his supplemental filings. Therefore, in the interest of judicial economy, the Court considered Plaintiff's
    supplemental filings in the findings and recommendations.

**III. Order Providing Plaintiff Option to (1) Stand on Existing Opposition(s) or (2) File One Amended Opposition Per Amended Second Informational Order and Notice**

In light of the separately-issued amended second informational order and notice pursuant to *Woods*, the Court will provide Plaintiff with two options upon receipt of the notice and this order. Plaintiff may either (1) <u>stand</u> on his previously-filed opposition(s) or (2) <u>withdraw</u> the existing opposition(s) and <u>file **one** amended</u> opposition.

Accordingly, it is HEREBY ORDERED that:

1.   Within **twenty-one (21) days** from the date of service of this order, Plaintiff may elect to:

   a.   <u>Stand</u> on his existing opposition(s) already submitted to the Court; or

   b.   <u>Withdraw</u> his opposition(s) and <u>file **one** amended</u> opposition;

2.   If Plaintiff does not elect to file one amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition(s) in resolving Defendants' motion to dismiss;

3.   If Plaintiff elects to file one amended opposition, the Court will not consider Defendants' existing replies; and

4.   Defendants may file an amended reply pursuant to Local Rule 230(l).


IT IS SO ORDERED.

Dated:   July 18, 2012

_____
UNITED STATES MAGISTRATE JUDGE